Chris J. Zhen (State Bar No. 275575)
(213) 935-0715
Email: chris.zhen@zhenlawfirm.com
Hogan Ganschow (State Bar No. 256137)
(805) 664-1222
Email: hogan.ganschow@zhenlawfirm.com
Zhen Law Firm
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036

*Attorneys for Plaintiff Wesley Humpston*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY HUMPSTON,<br><br>          Plaintiff,<br><br>vs.<br><br>SONY PICTURES ENTERTAINMENT INC.,<br><br>          Defendant. | Case No.: 2:21-cv-7660<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT;<br><br>DEMAND FOR JURY TRIAL |

Plaintiff WESLEY HUMPSTON, by and through his attorneys, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## THE PARTIES

4. Plaintiff Wesley Humpston is an individual who resides in the Southern District of California

5. Defendant Sony Pictures Entertainment Inc. ("Sony Pictures"), a subsidiary of Sony Corporation, is a corporation organized under the laws of the state of Delaware, with its principal place of business at 10202 West Washington Boulevard, Culver City, California, 90232.

## BACKGROUND FACTS

6. Plaintiff is a graphic artist who has been designing skateboard art since 1975. Due to his iconic, original, artistic style, and the fact that he was the first artist to use a skateboard as a canvas for graphic artistic expression, Plaintiff

earned the reputation as "The Godfather of Skateboard Art" among his peers and within the skateboard community at large. Plaintiff and his artwork have been featured in books and magazines, as well as a documentary movie exploring the use of skateboards as a medium for graphic art.

7. In 1976, Plaintiff helped start Dogtown Skateboards ("Dogtown"), a skateboard shop located in Southern California, which allowed Dogtown to sell and distribute Plaintiff's art on skateboards. As one of the original skateboard brands to see commercial success, Dogtown Skateboards leaned heavily on Plaintiff's art to successfully market its brand and sell its products.

8. In 1977, Plaintiff created a piece of spray-painted wall art displaying a winged Dogtown cross, which thereafter was featured in magazine articles and advertisements promoting the fledgling Dogtown Skateboards business. Since its creation, the winged Dogtown cross became strongly associated with the Dogtown brand, and was a recurring thematic element in many pieces Plaintiff created for Dogtown Skateboards.



*Plaintiff's Winged Dogtown Cross Wall Art.*

9. In 2005, Columbia Pictures Industries, Inc. ("Columbia Pictures") and TriStar Pictures, Inc. ("TriStar Pictures") co-produced and released the film, *Lords of Dogtown*, a biographical drama chronicling the early days of skateboarding in Southern California in the late 1970s. Columbia Pictures and TriStar Pictures are subsidiaries of Sony Pictures.

10. The title sequence of *Lords of Dogtown* features a winged Dogtown cross that is substantially similar to, and was clearly designed with intent to appropriate, Plaintiff's original spray-painted wall art from 1977.



*Lords of Dogtown title sequence winged Dogtown Cross.*

11. In addition to the winged cross, at approximately one hour into *Lords of Dogtown*, several pieces of Plaintiff's original Dogtown skateboards are shown to viewers during a scene where a group of skateboarders are huddled around showing their skateboards to the camera.

-4-



*Still frame from Lords of Dogtown at approximately one hour into the film.*

12. Also in 2005, Plaintiff created a book of art, titled "BullDog Art by Wes Humpston", with photographs chronicling the evolution of his skateboarding related art from the 1970s onward. On page 20, Plaintiff included a photograph of the spray-painted winged Dogtown cross wall art from 1977.

13. Throughout "BullDog Art," including on pages 18, 22, and 42, are designs created by Plaintiff that were featured in *Lords of Dogtown*, specifically designs featuring the Dogtown cross surrounded by bilaterally symmetric lightning bolts emerging from the center of the cross and red circular background.



14. On May 23, 2007, Plaintiff sought and obtained a copyright for "BullDog Art" under Registration Serial Number VA0001427336.

15. Until the year 2020, Plaintiff was unaware that *Lords of Dogtown* featured his art either in the title sequence or in the scene at the approximate one-hour mark.

16. To this day, Sony Pictures continues to distribute *Lords of Dogtown,* including on pay-per-view streaming services, with the same title sequence and scene featuring Plaintiff's art, despite having never sought nor obtained Plaintiff's permission to use his art in connection with the film or its promotional materials.

///

///

///

# FIRST CAUSE OF ACTION
# COPYRIGHT INFRINGEMENT

17. Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in all preceding paragraphs of this Complaint.

18. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 USC §§ 101 *et seq*. ("Copyright Act"), and all amendments thereto) to reproduce, distribute, or license the reproduction and distribution of graphics contained within "BullDog Art," including the winged Dogtown cross and Dogtown cross surrounded by lightning bolts described in paragraphs 8 and 13 of this Complaint.

19. "BullDog Art" is an original work created by Plaintiff, copyrightable under the Copyright Act. An application for registration of Plaintiff's Copyrights in the "BullDog Art" has been duly filed in the United States Copyright Office, all applicable formalities and notice requirements under the Copyright Act have been duly complied with, and Plaintiff has thereby secured and now owns the exclusive right and privilege to enforce his rights in such Copyright.

20. Plaintiff is informed and believes and thereupon alleges that Defendant used and displayed in *Lords of Dogtown* a work derived from and sufficiently similar to the winged Dogtown cross, and the Dogtown cross surrounded by lightning bolts, of which Plaintiff is the owner of exclusive rights, and has done so without Plaintiff's authorization for sale, license, display, and/or use in the United States and elsewhere. Plaintiff is informed and believes and thereupon alleges that Defendant knowingly and willfully copied Plaintiff's copyrighted works.

21. Defendant has infringed Plaintiff's exclusive rights to works contained in the "BullDog's Art" by using and displaying derivative and substantially similar graphics in *Lords of Dogtown*.

22. Plaintiff has never authorized Defendant, by license or otherwise, to use or display the works contained in "BullDog's Art," or any imitation thereof, in any way.

23. Each infringing use of the graphics contained in "BullDog's Art" or any imitation thereof, as well as the threat of continuing the same, constitutes a separate claim against Defendants under the Copyright Act.

24. Defendants have realized unlawful and unjust profits from the unauthorized and illegal display and use of the graphics contained in "BullDog's Art" in *Lords of Dogtown*. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the said works.

25. Defendants have continued to infringe said Copyrights and unless temporarily, preliminarily, and permanently enjoined by Order of this Court, will continue to infringe said Copyrights, all to Plaintiff's irreparable injury. As a result of Defendants' acts of infringement, Plaintiff is without an adequate remedy at law in that damages are difficult to ascertain.

26. Defendants have committed and continue to commit all of the aforesaid acts of infringement willfully, and without regard to Plaintiff's proprietary rights.

///

///

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an Order enjoining Defendant, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from infringing, or contributing to, or participating in the infringement by others, of the copyrights held by Plaintiff in any way;

2. That Defendant be required to account for and pay Plaintiff the actual damages suffered by Plaintiff as a result of the infringement and any profits of the Defendant attributable to the infringement of Plaintiff's copyright or exclusive rights under copyright and to pay such damages to Plaintiff as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;

3. For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law;

4. For an award of attorneys' fees as provided by 17 U.S.C. § 505;

5. For an award of pre-judgment and post-judgment interest as determined by law; and

6. For other such relief as the court deems just and proper.

///
///
///

| | |
|---|---|
| Dated: September 24, 2021 | Respectfully Submitted, |
| | ZHEN LAW FIRM |
| | By: /s/ Chris J. Zhen |
| | Chris J. Zhen (State Bar No. 275575)<br>Email: chris.zhen@zhenlawfirm.com<br>Hogan Ganschow (State Bar No. 256137)<br>Email: hogan.ganschow@zhenlawfirm.com<br>Zhen Law Firm<br>5670 Wilshire Blvd, Suite 1800<br>Los Angeles, CA 90036 |
| | *Attorneys for Plaintiff, Wesley Humpston* |

**DEMAND FOR JURY TRIAL**

    Plaintiff Wesley Humpston hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

Dated: September 24, 2021        Respectfully Submitted,

                                                  ZHEN LAW FIRM

                                                  By: /s/ Chris J. Zhen
                                                  Chris J. Zhen

                                                  *Attorneys for Plaintiff, Wesley Humpston*